GEORGE A. DULEY *vs.* DRUMMOND KELLEY.

Sagadahoc.    Opinion March 14, 1883.

*Lease. Exceptions. Practice.*

Where one, who has sent a verbal message to the owner of a landing-place inquiring whether and upon what terms he can have the use of the landing

to pile wood upon for the market, has received a verbal response from the owner that he can pile his wood there for six cents per cord, and in pursuance of such permission has entered upon the landing and begun to pile his wood thereon without any objection interposed by the proprietor, such action constitutes an acceptance of the terms; and he becomes a tenant at will of such proprietor to the extent of the contract without a written or verbal acceptance of the terms communicated by him to the proprietor.

In such case the contract of letting is complete, and the rights of the hirer cannot be terminated except by his consent or thirty days written notice in accordance with R. S., c. 94, § 2. If he afterwards consents that another person shall take from the proprietor a written lease of the landing in which his occupancy is made to depend upon his paying a certain sum to such other person he cannot set up his rights thus acquired against such lessee. But in a suit between him and such subsequent lessee as to their rights in the premises, any requests for instructions as to the effect of the lease must be predicated upon a finding by the jury of his consent to the taking of such lease or of the legal termination of his tenancy, by written notice. In the absence of such consent or legal termination of his tenancy, the lessee acquires no rights as against the original hirer by the taking of the lease.

Exceptions cannot be sustained for the refusal of a requested instruction unless such instruction be in itself complete and made applicable to the case on trial nor where it is necessary to prefix proper conditions as to the facts to be found by the jury before they apply the rule enunciated therein.

Nor will exceptions be sustained for the refusal of a request predicated upon a hypothesis touching the correctness of which the party whose counsel makes the request has himself given contradictory testimony on the stand.

ON EXCEPTIONS.

Trespass. Writ dated March 17, 1881.

The exceptions state that plaintiff gave testimony tending to show that he had a conversation with defendant respecting the premises to be used by plaintiff and defendant as a landing place for wood and timber; that defendant told him that Reed [the owner of the premises] had offered to let him pile cord wood on the premises for shipment, at six cents a cord, that he would not give so much, and finally expressed a desire that plaintiff would negotiate to obtain the privilege of the landing for the use of plaintiff and defendant to the best advantage; that accordingly he did agree with Mr. Reed for the use of the premises for five dollars; that he so informed defendant, who was satisfied, and that Reed afterwards gave plaintiff a memorandum, which was subsequently read to defendant.

Plaintiff further testified that defendant after the agreement with Reed was made, without any partition or assignment of the

parts to be used by each or either of the parties, began to pile tiers of cord wood along the front of the landing from one side ; that plaintiff went upon the ground and they agreed that defendant should extend his tiers to a point in the middle ; that when defendant reached that point with his tiers, he wanted more room and plaintiff yielded ten feet more, and when that was full defendant wanted more and plaintiff yielded five feet more, and that finally defendant covered the whole front with his tiers.

Defendant gave evidence that before plaintiff's transactions he had sent a verbal message by Duley, the stage driver, to Reed, inquiring whether he could pile his wood upon the landing and upon what terms ; that Reed returned answer by the same messenger that he might pile his wood there for six cents a cord. No acceptance of the offer was made and communicated to Reed. Defendant denied the conversation with plaintiff as above stated by him, and claimed and introduced evidence tending to show that by virtue of Reed's message returned to him; he had entered upon the landing and commenced piling his wood on it before the plaintiff hired it of Reed. Plaintiff certified that no division of the landing was made between him and defendant.

Plaintiff requested the presiding judge to give the jury the following instructions :

*First.* That under Reed's memorandum, defendant had no rights in the premises until he had arranged the matter with plaintiff as to payment or waiving payment.

*Second.* That if the parties agreed as to what part each should use, their rights were thereby fixed and neither had thereafter the right to occupy the part assigned to the other.

*Third.* That Reed's proposition sent by defendant by the stage driver to let him pile the wood on the landing for six cents a cord, was of no force without acceptance given by defendant to Reed.

*Fourth.* That if it had been accepted, Reed could lawfully terminate the license by letting the premises to plaintiff.

*Fifth.* That even though Reed might thus render himself liable to defendant in damages, his letting to plaintiff would transfer the use of the premises to plaintiff.

These requests were severally refused except as given in the charge, which is sufficiently stated in the opinion.

(Memorandum.)

"Bath, January 17, 1881.

"Received of Geo. H. Duley, five dollars, for the use of the Kelley shipyard landing to land wood, logs, etc. the present winter, with the agreement that if the wood or lumber remains on the landing after the first day of October next, said Duley agrees to pay me five dollars in addition.

"It is understood that Drummond Kelley is to occupy one-half of said landing by paying said Duley two dollars and a half and not to occupy more than one-half the frontage of said landing instead of the above agreement in regard to paying five dollars. additional it's agreed that this lease agreement expires on the first day of said October next.

G. H. Duley,

T. M. Reed."

*W. Gilbert*, for the plaintiff.

*Henry Tallman*, for the defendant.

BARROWS, J. The first question which it became important for the jury to determine was whether the plaintiff acquired, by virtue of his memorandum from Thomas M. Reed, any paramount rights in the premises as against the defendant. If the defendant, previously to any negotiations between the plaintiff and Reed, had received Reed's verbal permission to pile his wood upon that landing for six cents a cord, in reply to defendant's verbal inquiry whether and upon what terms he could have the use of the landing for that purpose, and in pursuance of such permission had entered upon the landing and commenced piling his wood there without any objection interposed by Reed, as was seemingly the case, that contract between Reed and the defendant was complete, and he became Reed's tenant at will there to that extent, though he had not made and communicated to Reed

any acceptance, verbal or written, of Reed's terms. The act of entering upon the premises and commencing to occupy them, in pursuance of the verbal permission amounted to an acceptance of the terms, and both parties to that negotiation were bound to take notice of it, and conform their action to the rights thus respectively acquired.

Without the defendant's consent Reed could not terminate the defendant's rights there except by written notice in accordance with R. S., c. 94, § 2.

Nor by such verbal negotiation and action could the defendant acquire any rights beyond those of a tenant at will, by reason of R. S., c. 73, § 10.

But he would have the rights of such a tenant to the extent of his contract until the tenancy was legally terminated either with his consent or by written notice from Reed. The third, fourth and fifth requests of the plaintiff were therefore rightly refused, and the instructions given upon these points were substantially correct, and at all events afford the plaintiff no just cause of complaint.

Now, touching the plaintiff's hypothesis, to support which he offered testimony to the effect that defendant, not being satisfied with the terms which he had secured from Reed, requested the plaintiff to negotiate with Reed to obtain the privilege of the landing for the use of plaintiff and defendant, and that he accordingly did arrange with Reed and procure the memorandum, with the defendant's assent, the jury were instructed that "if the defendant yielded his right to the plaintiff — permitted the plaintiff *to go and hire the whole;* independent of his right which he had acquired under the permission of Mr. Reed to enter and occupy, then he could not set up that right as against the plaintiff;" and again it was said in substance that such consent on the part of defendant would be sufficient as between him and the plaintiff, while without such consent the action could not be maintained. Thus it appears that so far as the defendant has seen fit to report the instructions, the right of the plaintiff to maintain the action was made to depend upon the consent of the defendant that the plaintiff should go and procure the memoran-

dum from Reed. The instruction quoted imports that the memorandum from Reed should be construed as a letting of the whole to the plaintiff. The jury must have so understood it, and they surely could not misunderstand the recital that "it is understood that Drummond Kelley is to occupy one half of said landing by paying said Duley two dollars and a half, and not occupy more than one-half of the frontage of said landing," whether any special instruction was given with respect to it or not. But if the plaintiff desired a special instruction touching the effect of a provision so intelligible, he should have prefixed to his first request enough to show that it was to be applied by the jury only in case they found that the defendant consented to the plaintiff's taking the memorandum from Reed. The requested instruction as it stands, without this qualification, would certainly convey to the jury the erroneous idea that the rights of the parties in the landing were to be governed in any event by the memorandum from Reed. The plaintiff evidently intended that the jury should so understand it, as appears by his third, fourth and fifth requests, which, as we have before said, were rightly refused. The presiding judge is under no obligation to amend a party's requests for instructions, and unless they are complete and applicable to the case as they stand, his refusal to give them is no ground for exceptions.

The propriety and applicability of the second request depend upon the same contingency as to the defendant's consent that the plaintiff should hire the landing of Reed after he had taken possession and begun to pile his wood there. The plaintiff seems to have persistently ignored, at the trial at *nisi prius*, the necessity of that consent, but it was indispensable to the rightful introduction of any of his hypotheses, or his acquisition of any rights in the premises as against the defendant. But there is still another valid reason for the refusal of the second request. It seems that the plaintiff testified that "no division of the landing was made between him and the defendant." This being so, we see no ground upon which the action of trespass could be regarded as the proper remedy for the plaintiff to pursue. True, his astute

counsel contends that he testified to certain agreements between himself and the defendant, which the counsel argues amounted to a division, but where the subject matter consists of what men even of a low order of intelligence must needs understand, it would be unreasonable to permit exceptions to be sustained for the refusal of a request based upon a hypothesis the truth of which had been explicitly denied by the party whose counsel prefers the request.

As to such matters the counsel's complaint should be — not of the presiding judge — but of his own client, who has cut the ground from under him by testimony which at the best is self-contradictory. The correctness of the jury's apparent conclusion upon the question of defendant's consent that plaintiff should take the lease from Reed is not here and now an open one.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.